(58 Misc. Rep. 322.)

## WOOLF v. SEIGENBERG.

(Supreme Court, Special Term, New York County. March, 1908.)

PARTNERSHIP—DISSOLUTION—FIRM NAME.

On the dissolution of a partnership, it was agreed that neither of the parties should use the name "Slip Cover Company," under which the partnership had been conducted. Held, that the use of the name "New York Slip Cover Company" by one of the parties will not be enjoined.

Action by Michael Woolf against Leopold J. Seigenberg. Motion for injunction pendente lite denied.

Louis J. Rosett, for plaintiff.
Samuel Sobel, for defendant.

LEVENTRITT, J. The parties were formerly engaged in business as partners, under the firm name of "Slip Cover Company." Differences having arisen, the partnership was dissolved by mutual consent. The agreement embodying the terms of dissolution contained this clause:

"It is hereby further understood and agreed that neither of the parties hereto is to use the name of 'Slip Cover Company' for the period of five years from the date of this agreement. Said name shall remain the joint property of the parties hereto, but shall not be used in any wise in any corporation, partnership, or firm in which either of the parties hereto may be interested at any time during the said five years."

Shortly after the execution of the agreement the defendant started in business under the name "New York Slip Cover Company." The plaintiff seeks to enjoin the use of that name, claiming it to be in violation of the agreement of dissolution. The designation now used by the defendant is not the same as that used by the former copartner-

ship and mentioned in the agreement. The words "Slip Cover Company" are not shown and cannot be said to have any commercial value or significance, and their use could not be restrained, except under special and extraordinary circumstances. It was evidently the intention of each of the parties, in inserting the clause quoted, to prevent the other from continuing the business of the copartnership under the then existing firm name, or from using the designation "Slip Cover Company" for the purpose of identifying either with the former copartnership. There is no question of unfair competition, and the plaintiff shows no damages. He insists on the enforcement of his erroneous interpretation of the letter of the agreement. Under the circumstances the court would not be justified in granting injunctive relief pending the action. Applying the principle of relative convenience and inconvenience, the balance inclines in defendant's favor, and the motion must be denied.

Motion denied.